IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02537-CMA-BNB

JEFFREY A. FINGERT,

Plaintiff,

v.

THE WESTERN SUGAR COOPERATIVE, and
INDER MATHUR, CEO, corporate officer of The Western Sugar Cooperative,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the following:

1. **The Western Sugar Cooperative's Motion to Dismiss Plaintiff's Title VII Complaint** [Doc. #5, filed 11/23/2011] ("Western Sugar's Motion"); and

2. **Inder Mathur's Motion to Dismiss Plaintiff's Title VII Complaint** [Doc. #8, filed 11/23/2011] ("Mathur's Motion").

I respectfully RECOMMEND that both motions be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Title VII Complaint [Doc. #1] (the "Complaint") on September 28,

2011.  The Complaint and its attachments allege that the defendants discriminated against the

plaintiff based on his disability when they terminated his employment.  The defendants assert

that the Complaint is barred because the plaintiff did not file it within 90 days after receiving his

right to sue notice.  *The Western Sugar Cooperative's Brief in Support of its Motion to Dismiss*

*Plaintiff's Title VII Complaint* [Doc. #6], pp. 4-5; *Inder Mathur's Brief in Support of his Motion*

*to Dismiss Plaintiff's Title VII Complaint* [Doc. #9], p. 8.[1]

## III.  ANALYSIS

Title I of the ADA prohibits employment discrimination on the basis of disability.  42

U.S.C. §§ 12111-17.  Title I incorporates the powers, remedies, and procedures of Title VII of

---

[1]I cite to the pages of the briefs, not the motions.

2

the Civil Rights Act of 1964.  Id. § 12117.[2]  Under Title VII, a plaintiff must file suit within 90

days after receiving a right to sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1).

The plaintiff states that he received the Notice of Right to Sue on June 28, 2011.

*Complaint*, p. 2, ¶ 8.  Therefore, he was required to file his Complaint on or before September

26, 2011.  He did not file the Complaint until September 28, 2011.  Absent tolling, the plaintiff's

Complaint is barred.

"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite,

rather it is a condition precedent to suit that functions like a statute of limitations and is subject

to waiver, estoppel, and equitable tolling."  Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995).

"Courts have narrowly construed equitable exceptions to the time limitations set out in Title

VII."  Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996).  In addition:

> The Tenth Circuit has generally recognized equitable tolling of
> Title VII time limitations only if the circumstances of the case rise
> to the level of active deception which might invoke the powers of
> equity to toll the limitations period.  For instance, equitable tolling
> may be appropriate where a plaintiff has been lulled into inaction
> by her past employer, state or federal agencies, or the courts.
> Likewise, if a plaintiff is actively misled, or has in some
> extraordinary way been prevented from asserting his or her rights,
> we will permit tolling of the limitations period.

Id. at 1267-68 (internal quotations and citations omitted).

---

[2]Section 12117(a) provides:

> The powers, remedies, and procedures set forth in sections
> 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall
> be the powers, remedies, and procedures this subchapter provides
> to the Commission, to the Attorney General, or to any person
> alleging discrimination on the basis of disability in violation of any
> provision of this chapter, or regulations promulgated under section
> 12116 of this title, concerning employment.

The plaintiff makes the following argument:

> The Defendant states my case was filed after the 90 day window. Unfortunately, I do not have documentation supporting my assertion that I was informed by a court clerk that the court would view my deadline to be September 28, 2011 as my EEOC right to sue was issued on June 28, 2011.  I ask the court to allow the case to proceed.

*Response to The Western Sugar Cooperative's Motion to Dismiss*[3] [Doc. #13], p. 3.[4]

The plaintiff's statement is insufficient to invoke equitable tolling.  It is conclusory and unsupported by evidence.  The plaintiff does not identify the person with whom he claims to have spoken, the court with which the clerk is affiliated, or the date he alleges he spoke with the clerk.  The Complaint is untimely, and the motions to dismiss should be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that The Western Sugar Cooperative's Motion to Dismiss Plaintiff's Title VII Complaint [Doc. #5] and Inder Mathur's Motion to Dismiss Plaintiff's Title VII Complaint [Doc. #8] be GRANTED.[5]

---

[3]The plaintiff did not file a response to Mathur's Motion.

[4]I cite to the page numbers of the plaintiff's response as they are assigned by the court's docketing system.

[5]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 21, 2012.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge